IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BERNICE LOGAN,

    Plaintiff,                                   Case No. 3:13-cv-366

vs.

COMMISSIONER                              Magistrate Judge Michael J. Newman
OF SOCIAL SECURITY,                 (Consent Case)

    Defendant.

**ORDER[1] APPROVING THE PARTIES' JOINT STIPULATION
FOR EAJA FEES (DOC. 21) UNDER 28 U.S.C. § 2412 AND DENYING PLAINTIFF'S
MOTION FOR EAJA FEES (DOC. 19) AS MOOT**

        This Social Security disability benefits appeal is before the Court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (doc. 19), and the parties' subsequently filed joint stipulation agreeing that Plaintiff be awarded EAJA fees in the amount of $3,222.40. Doc. 21. The Court has carefully reviewed these documents and they are now ripe for the Court's consideration.

        EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). A party who prevails and obtains a Sentence Four remand is a prevailing party for EAJA purposes. *See*

---

[1] The parties unanimously consented to the jurisdiction of the Magistrate Judge. Doc. 5.

*Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). EAJA fees are payable to the litigant. *Astrue v. Ratliff*, 586 U.S. 586, 589 (2010).

The Court granted the parties' joint, unopposed motion for remand (doc. 16) and remanded this case to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings. Doc. 17. Accordingly, Plaintiff is the prevailing party in this case for EAJA purposes and, therefore, is entitled to an award of attorney's fees under EAJA. *See Shalala*, 509 U.S. at 301-02.

Plaintiff's counsel advises the Court that he worked 20.00 hours on this case. Doc. 19 at PageID 749. At the stipulated amount of $3,222.40, this calculates as $161.12 per hour -- an hourly rate not challenged by the Commissioner. Having reviewed the time sheet entries submitted by Plaintiff's counsel and considering the nature of the work counsel performed in this case, the Court finds the stipulated fee reasonable. Accordingly, Plaintiff is entitled to an EAJA fee award in the stipulated amount of $3,222.40.

Accordingly, based on the foregoing, the Court: (1) **APPROVES** the parties' joint, unopposed stipulation for an EAJA fee award (doc. 21); (2) **GRANTS** Plaintiff EAJA fees in the amount of $3,222.40, as stipulated by the parties; and (3) **DENIES** Plaintiff's motion for an EAJA fee award (doc. 19) **AS MOOT**. As no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

**IT IS SO ORDERED.**

Date: January 16, 2015        *s/ Michael J. Newman*
                              Michael J. Newman
                              United States Magistrate Judge